IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA R. GONZALES and ALEJANDRA GONZALES, on behalf Of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:11-CV-00281-P |
| v. | § § § | |
| FRANDELI GROUP, LLC | § § § | |
| Defendant. | § | |

### DEFENDANT'S MOTION TO DISMISS
### UNDER FEDERAL RULE 12(b)(6) AND BRIEF IN SUPPORT

Under Federal Rule of Civil Procedure 12(b)(6), Defendant Frandeli Group, LLC ("Frandeli") files this Motion to Dismiss and Brief in Support.

**I.   INTRODUCTION**

In their Original Class Action Complaint, Plaintiffs Paula R. Gonzales and Alejandra Gonzales (together, "Plaintiffs") allege that Frandeli violated the Fair Labor Standards Act ("FLSA") by failing to properly compensate them as "tipped" servers at the Spaghetti Warehouse restaurant.  First, Plaintiffs claim Frandeli violated the FLSA by failing to pay minimum wage for time spent performing non-tipped work that exceeded 20% of their time at work.  Second, Plaintiffs claim Frandeli prevented Plaintiffs from clocking in at the beginning of their shift and failed to properly keep records.  Neither of these claims is viable.  An employer may apply a "tip credit" to all hours worked by an employee, such as a server, who is engaged in an *occupation* that customarily receives tips.  A tip credit remains available even if a server performs tasks that do not directly produce tips.  Simply put, an employer may apply a tip credit to a server regardless of whether she is taking a customer's order, cleaning and setting tables, or

making coffee. And there is no private cause of action for failure to comply with the FLSA's recordkeeping requirements. On its face, Plaintiffs' complaint fails to state a claim upon which relief can be granted. Therefore, Plaintiffs' complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.   SUMMARY OF COMPLAINT

On February 14, 2011, Plaintiffs filed their Original Class Action Complaint against Frandeli. In the complaint's introduction, Plaintiffs state, "while Frandeli is entitled to pay its servers sums under minimum wage for their tipped work, it is not entitled to do so for the time spent by its servers engaging in non-tipped work, which work exceeds twenty percent of the server's work time." Complaint, ¶ 1.

Plaintiff Paula B. Gonzales alleges she worked for Frandeli as "a server at the Spaghetti Warehouse" located in Dallas, Texas, at various times between May 2008 and August 2009. *Id*. at ¶ 26. During her employment at Spaghetti Warehouse, Paula Gonzales was paid as a "tipped employee." *Id*. at ¶ 27.

Plaintiff Alejandra Gonzales alleges she worked for Frandeli as "a server at the Spaghetti Warehouse" located in Dallas, Texas, from May 2009 until December 2009. *Id*. at ¶ 28. During her employment at Spaghetti Warehouse, Alejandra Gonzales was paid as a "tipped employee." *Id*. at ¶ 29.

On an "average day," Plaintiffs allegedly spent "approximately thirty (30) minutes conducting preparatory work." *Id*. at ¶ 35. At the end of their shift, Plaintiffs allegedly spent "approximately one-and-a-half hours conducting maintenance work such a cleaning up the restaurant, cleaning the floors, sorting silverware, and setting tables." *Id*. at 35.

On days when Plaintiffs served a large party, they allegedly spent "approximately one hour before [the] party arrived setting up the table, preparing the salads, arranging the cutlery and other preparatory work." *Id.* at 36. After serving a large party, Plaintiffs allegedly spent "approximately two hours cleaning up." *Id.*

Plaintiffs further allege that Frandeli would not allow them to clock-in until a table was available for them to serve. *Id.* at 37.

In Count I of their complaint, entitled "Unlawful Tip Credit," Plaintiffs seek to recover minimum wage for non-tipped work that exceeded 20% of their hours worked. *Id.* at 46, 48. In Count II of their complaint, entitled "Failure to Pay Minimum Wage and Failure to Make Proper Records," Plaintiffs allege Frandeli "failed to make, keep and preserve records of the hours and practices of employment maintained by them in violation of the FLSA, 29 U.S.C. § 211(c) and 215(a)(5)." *Id.* at 59. In connection with the alleged failure to comply with the FLSA's recordkeeping requirements, Plaintiffs seek to recover "a minimum wage." *Id.*

### III. ARGUMENT AND AUTHORITIES

**A.   Standard for Dismissal Under Rule 12(b)(6).**

Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed on their face and in their legal premises, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. *Sneitzke v. Williams*, 490 U.S. 319, 326-27 (1989). The Supreme Court has explained that the court must dismiss a claim when it is clear that the plaintiff can "prove no set of facts in support of plaintiff's claim that would entitle him to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 423 (1969). In other words, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when [plaintiff] pleads

factual content that allows the court to draw the reasonable inference that [defendant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The *Twombly* and *Iqbal* decisions set forth a two-step process for analyzing the sufficiency of a complaint. First, the Court should identify the allegations in the complaint that are not entitled to the assumption of truth. In particular, the Court must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 129 S. Ct. at 1949, 1951; *Twombly*, 550 U.S. at 555, 557. Second, the Court must consider the remaining factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557.

**B.     Plaintiffs' claim for unlawful tip credit must be dismissed because the availability of the tip credit is based on an employee's occupation and is not limited by a 20% rule.**

The FLSA generally requires employers to pay a minimum hourly wage. 29 U.S.C. § 206(a)(1). Under the FLSA's "tip credit" provision, however, an employer may pay a "tipped employee" a cash wage of $2.13 per hour if tips received by the employee make up the difference between the cash wage and the full minimum wage. 29 U.S.C. § 203(m). Where tips do not make up the difference, the employer must supplement wages so that the employee receives no less than the full minimum wage for all hours worked. *Id.*

The FLSA defines a "tipped employee" as "any employee engaged in an ***occupation*** in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C § 203(t) (emphasis added). Department of Labor regulations also emphasize the occupation-based nature of the tip credit inquiry:

> The wage credit permitted on account of tips under section 3(m) may be taken only with respect to wage payments made under the Act to those employees whose ***occupations*** in the workweeks for which such payments are made are those of "tipped employees" as

> defined in section 3(t). Under section 3(t), the *occupation* of the employee must be one "in which he customarily and regularly receives more than [$30] a month in tips."

29 C.F.R. § 531.51 (emphasis added).

> If an employee is in an *occupation* in which he normally and recurrently receives more than [$30] a month in tips, he will be considered a tipped employee even though occasionally because of sickness, vacation, seasonal fluctuations or the like, he fails to receive more than [$30] in tips in a particular month.

29 C.F.R § 531.57 (emphasis added).

> An employee who receives tips, within the meaning of the Act, is a "tipped employee" under the definition in section 3(t) when, in the *occupation* in which he is engaged, the amounts he receives as tips customarily and regularly total "more than [$30] a month." An employee employed in an *occupation* in which the tips he receives meet this minimum standard is a "tipped employee" for whom the wage credit provided by section 3(m) may be taken in computing the compensation due him under the Act for employment in such *occupation*, whether he is employed in it full time or part time.

29 C.F.R. § 531.56(a) (emphasis added).

The FLSA's definition of a "tipped employee" and the applicable regulations leave no doubt that the tip credit is available for an employee in a tipped occupation even if she performs tasks that do not generate tips. Indeed, one regulation specifically addresses the restaurant setting and recognizes that a waitress remains a tipped employee while performing duties such as setting tables and washing dishes:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least [$30] a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. *Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses.* It is likewise distinguishable from the counterman who

---

> also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. *Such related duties in an* ***occupation*** *that is a tipped* ***occupation*** *need not by themselves be directed toward producing tips.*

29 C.F.R § 531.56(e) (emphasis added).

Furthermore, Department of Labor regulations require employers to maintain records of "hours worked each workday in any ***occupation*** in which the employee does not receive tips" and "hours worked each workday in ***occupations*** in which the employee receives tips." 29 C.F.R. § 516.28(a)(4) and (5) (emphasis added). Employers, therefore, are required to maintain records of hours worked on an occupation basis, not on a task-by-task basis.

In *Pellon v. Business Representation International, Inc.*, skycaps at an airport claimed they should have been paid minimum wage for performing certain duties they claimed did not produce tips. 528 F. Supp. 2d 1306 (S.D. Fla. 2007). The court found that all of the duties at issue fell within the scope of the skycap occupation. The court noted that the skycaps were similar to the waitresses under Department of Labor regulations and that the non-tipped duties were "at worst, 'related duties in an occupation that is a tipped occupation.'" *Id*. at 1313 (citations omitted). Relying on *Fast v. Applebee's International, Inc.*, 502 F.Supp.2d 996 (W.D. Mo. 2007) *appeal docketed*, No. 10-1725 (8th Cir. Mar. 12, 2010), the skycaps argued that if non-tipped duties exceeded 20% of their time then they should be paid at least minimum wage for the non-tipped duties, but the court rejected such an analysis as "infeasible." *Id*. at 1313-14. The court explained that "[p]ermitting Plaintiffs to scrutinize every day minute by minute, attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly would create an exception that would swallow every rule . . . for tip credit . . . ." *Id*. at 1314. Based on these findings, the district court granted summary judgment in favor of the employer. On appeal, the Eleventh Circuit fully adopted the lower court's analysis as its own,

and affirmed "on the basis of the district court's well-reasoned order." *Pellon v. Business Representation International, Inc.*, 291 Fed. Appx. 310 (11th Cir. 2008).

Similarly, in *Townsend v. B.G.-Meridian, Inc.*, a waitress complained that the tip credit should not be applicable to portions of her shift that she spent operating the cash register and taking phone orders. 2005 WL 2978899 (W.D. Okla. 2005). But the court concluded that operating a cash register and answering a phone "were merely related duties incident to [plaintiff's] waitress position." *Id.* at *7. Granting summary judgment in favor of the employer, the court explained that "a tipped employee's status does not change simply because she is called upon to perform non-tipped duties related to her job." *Id.*

Based on the express language of the FLSA, Department of Labor regulations, and the well-reasoned decisions cited above, the determination of whether an employee may be compensated with a tip credit hinges on her occupation. An employer is not required to analyze whether each of the employee's duties is directed toward producing tips and keep track of the percentage of time spent on each duty. Here, Plaintiffs were employed as "servers," an occupation for which Plaintiffs concede Frandeli could apply a tip credit. *See* Complaint, ¶ 1 ("Frandeli is entitled to pay its servers sums under minimum wage for their tipped work."). Consequently, Plaintiffs' claim that Frandeli violated the FLSA by failing to pay minimum wage for non-tipped work in excess of 20% of their time at work must be dismissed for failure to state a claim upon which relief may be granted.

**C.** **Plaintiffs' claim for unlawful recordkeeping must be dismissed because there is no private cause of action for violation of the FLSA's recordkeeping requirements.**

Plaintiffs allege that Frandeli "prevented the Plaintiffs from clocking-in at their work start-times and receiving related wages." Plaintiffs also conclusively claim Frandeli "failed to

pay Plaintiffs" and "failed to make, keep and preserve records . . . in violation of the FLSA, 29 U.S.C. § 211(c) and 215(a)(5)."

The FLSA requires employers to "make, keep, and preserve" records of an employee's "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). The Secretary of Labor enforces the FLSA's recordkeeping requirements. 29 U.S.C. § 216(a). There is no private cause of action for violations of the recordkeeping requirements. In *Castillo v. Givens*, the Fifth Circuit noted that the FLSA "contains no private enforcement mechanism if the employer fails to maintain . . . records." 704 F.2d 181, 198 n.41 (5th Cir. 1983). Therefore, Plaintiffs cannot recover for Frandeli's alleged failure to keep and maintain records.

To the extent Plaintiffs purport to allege that they were not paid at least minimum wage for all hours worked, Plaintiffs have not pleaded sufficient facts. Under the *Klinghoffer* rule, taking its name from *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d. Cir. 1960), no minimum wage violation occurs so long as the total wage paid to an employee is any given workweek divided by the total hours worked exceeds the applicable minimum wage. *See Albanil v. Coast 2 Coast, Inc.*, 2010 WL 1404120 *10 (S.D. Tex. 2010). Plaintiffs have not alleged the weekly wages and hours worked, which is required to move their minimum wage claim from speculative to plausible. Instead, Plaintiffs merely rely on labels and conclusions, and their minimum wage claim should be dismissed.

### IV. CONCLUSION

For these reasons, Defendant Frandeli Group, LLC requests that the Court dismiss Plaintiffs' Complaint with prejudice, order that Plaintiffs take nothing on their claims, and for any and such other relief to which it may be entitled.

        Respectfully submitted,

        /s/John B. Brown
        Bryant S. McFall
        Texas Bar No. 00784556
        bryant.mcfall@ogletreedeakins.com
        John B. Brown
        Texas Bar No. 00793412
        john.brown@ogletreedeakins.com
        **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
        700 Preston Commons
        8117 Preston Road
        Dallas, Texas 75225
        (214) 987-3800 (Telephone)
        (214) 987-3927 (Facsimile)

        **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 18, 2011, I electronically transmitted this document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

                                            /s/John B. Brown

10138385.1 (OGLETREE)