IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA R. GONZALES, <br> AND ALEJANDRA GONZALES, <br> individually and on behalf of all others <br> similarly situated, <br><br> Plaintiffs, <br> v. <br><br> FRANDELI GROUP, LLC, <br><br> Defendant. | § § § § § § § § § § § § § | 3:11-CV-281-P |

## ORDER

Now before the Court is Defendant Frandeli Group, LLC's Motion to Dismiss pursuant to Rule 12(b)(6), filed April 18, 2011. Plaintiffs filed a Response on May 9, 2011. Defendant filed a Reply on May 23, 2011. Plaintiffs, with leave of Court, filed a Sur-reply on June 7, 2011. After reviewing the parties' briefing, the evidence, and the applicable law, the Court DENIES Defendant's Motion to Dismiss.

### I.   Background

Plaintiffs Paula R. Gonzales and Alejandra Gonzales, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs") bring this class action claim against Frandeli Group, LLC ("Frandeli" or "Defendant") alleging that Frandeli violated the Fair Labor Standards Act ("FLSA") by failing to compensate them in accordance with the law for pre- and post-shift work as servers at Spaghetti Warehouse in Dallas, Texas. Additionally, Plaintiffs allege that Frandeli did not allow them to clock in to be paid until their first table was seated and ready to be served even if their scheduled shift started minutes or hours prior. Frandeli moves to dismiss Plaintiffs'

Complaint under Rule 12(b)(6) on the basis that the FLSA and the Department of Labor regulations provide that the "tip credit" at issue in this case shall be applied by an employer by "occupation" rather than by the type of duties performed and the percentage of time spent on non-tip-producing duties. Plaintiffs counter that the FLSA and the Department of Labor regulations are silent on this distinction and that persuasive guidance is provided by the Department of Labor opinion letters and Field Operations Handbook regarding when a "tipped employee" under the FLSA performs non-tipped work for a substantial amount of time for the purposes of setting the hourly wage for those activities.

## II.  Legal Standard & Analysis

### A. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, - - - U.S. - - - 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (*quoting Twombly*, 550 U.S. at 555).

Additionally, the factual allegations of complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

## B. FLSA Claim

The FLSA requires employers to pay a minimum hourly wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). Employees working in a "tipped occupation" are required to receive at least minimum wage; however, their employers are permitted to pay a direct wage of $2.13 per hour and then take "tip credit" to meet the minimum wage requirement. 29 U.S.C. § 203(m). As long as the tip credit makes up the difference between the $2.13 hourly rate and the minimum wage requirement, the employer has satisfied the FLSA. *Id.* A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t); 29 C.F.R. § 531.56(a). The Department of Labor distinguishes between situations where an employee is employed in a "dual job" from a situation like "that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes." 29 C.F.R. § 531.56(e). "Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips." *Id.*

Frandeli argues that the FLSA and the Department of Labor regulations provide that the "tip credit" at issue in this case shall be applied by an employer by "occupation" rather than by the type of duties performed and the percentage of time spent on non-tip-producing duties. Plaintiffs counter that the FLSA and the Department of Labor regulations are silent on this distinction and that persuasive guidance is provided by the Department of Labor opinion letters and Field Operations Handbook regarding when a "tipped employee" under the FLSA performs non-tipped work for a substantial amount of time for the purposes of setting the hourly wage for those activities. The Court finds that here where it is necessary to distinguish between compensation for tasks that are incidental to a tipped occupation and tasks that exceed the realm of lawful use of tip credit by the employer, the Department of Labor's Regulation 531.56(e), the Department

of Labor's Opinion Letter, and the Department of Labor's Handbook section 30d00 (e) collectively provide persuasive guidance on when a "tipped employee" is engaged in a tipped occupation and when the employee is no longer working in that "occupation" for the purposes of compensation under the FLSA. *See Chevron U.S.A. Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 843-845 (1984) (holding that agency interpretations of statutes should be given deference); *see Coca Cola Co. v. Atchison, Topeka & Santa Fe Ry.Co.*, 608 F.2d 213, 222 (5th Cir.1979) (holding that opinion letters of an administrative agency, although less authoritative than regulations or formal decisions, are entitled to be weighed carefully and to great deference if they state a reasonable conclusion); *see also Samson v. Apollo Res., Inc.*, 242 F.3d 629, 638 (5th Cir. 2001) ("Interpretive and opinion letters by the Department of Labor do not *per se* bind the court. Such materials, however, do constitute a body of experienced and informed judgment and the court will give these materials substantial weight.") (internal quotation and citation omitted). Other courts have reached a similar conclusion. *See Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 WL 2714079, at *12 (S.D. Tex. July 9, 2008); *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 554 (6th Cir. 1999); *Fast v. Applebee's Int'l, Inc.*, No. 06-4146-CV-C-NKL, 2010 WL 816639, at *3 (W.D. Mo. Mar. 4, 2010).

A Department of Labor Opinion Letter declares: "where there is a clear dividing line between the types of duties performed by a tipped employee, such as between maintenance duties and waitress duties, no tip credit may be taken for the time spent by a waitress performing maintenance duties," however, where certain maintenance tasks "are assigned generally to the waitress/waiter staff" and specific employees are not "routinely assigned" to such tasks, an employer may take a tip credit for the time the tipped employee works on these incidental tasks. Dep't Labor Wage and Hour Div., Op. Ltr, 1980 WL 141336, WH-502 (Mar. 28, 1980).

Additionally, the Department of Labor Field Operation Handbook provides that "where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties." DOL Field Operations Handbook § 30d00(e). Here, Plaintiffs specifically allege that they performed non-tipped work in excess of twenty percent of their time at work and were not compensated by their employers. (Compl. ¶ 17.) Specifically, the named Plaintiffs estimate that they were required to perform maintenance and general preparatory work approximately twenty-seven to thirty-six percent of their clocked-in time. (Pls.' Resp. 8.) Further, Plaintiffs allege that they were not allowed to clock in until their first table was seated. (Compl. ¶ 37.) These allegations which are accepted as true by the Court at this stage, represent a plausible claim for relief under the FLSA.

The Court finds Plaintiffs' allegations are sufficient to state a claim. Accordingly, Defendant's Motion to Dismiss is denied.

### III. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Signed this 11th day of July, 2011.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE