THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEJANDREA GONZALES, PAULA R. GONZALES, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br> v. <br><br> FRANDELI GROUP, LLC, and SPAGHETTI WAREHOUSE RESTAURANTS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § | 3:11-CV-281-P |

## ORDER

Now before the Court is Plaintiffs' Motion for Conditional Class Certification, filed March 16, 2012. (Doc. 35.) Defendant filed a Response on April 20, 2012. (Doc. 41.) Plaintiffs filed a Reply on May 4, 2012. (Doc. 44.) Also before the Court is Defendant's Motion to Strike filed on April 20, 2012. (Doc. 39.) Plaintiffs filed a Response on May 4, 2012. (Doc. 43.) After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Plaintiffs' Motion for Conditional Class Certification.[1]

### I.  Background

Paula and Alejandra Gonzalez ("Plaintiffs") were employed as servers by Spaghetti Warehouse Restaurants, LLC ("Spaghetti Warehouse"). Spaghetti Warehouse is a wholly owned subsidiary of Frandelli Group LLC ("Frandelli"). The present action arose out of Spaghetti Warehouse's alleged failure to pay plaintiffs a wage differential when they worked in excess of twenty percent of their time in a non-tipped capacity, including assignments such as

---

[1] Defendant's Motion to Strike is DENIED.

maintenance, rolling silverware, and food preparation. Plaintiffs also claim that Spaghetti Warehouse forced its servers to be present for work at a designated time but would not allow servers to clock in until tables were ready to be served. Plaintiffs filed suit in the Northern District of Texas, Dallas Division, alleging violations of 29 U.S.C. §216(b), the Fair Labor Standards Act ("FLSA"). Plaintiffs seek to have a class action lawsuit certified, alleging that there are other Spaghetti Warehouse employees who are similarly situated.

## II.   Conditional Class Certification Legal Standard

Section 216(b) of the FLSA allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A similarly situated employee may join as a plaintiff only if "he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*; *cf.* Fed. R. Civ. P. 23(c)(2)(B)(v) (requiring potential class members to opt out of a proposed class). The Fifth Circuit has declined to adopt a specific test for determining whether plaintiffs are sufficiently 'similarly situated' to conditionally certify a class under § 216(b). *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010). However, the prevailing analysis used by federal courts, and more specifically the Northern District of Texas, is the two-stage approach first propounded by the court in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Acevedo*, 600 F.3d at 519; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91 (2003); *Clary v. Sw. Airlines*, No. 3:07-cv-0126-P, 2007 WL 4947690, at *2 (N.D. Tex. Dec. 17, 2007) (Solis, J.); *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-0776-D, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.). *Lusardi* and

its progeny do not define 'similarly situated,' but instead, they provide factors for the Court to consider case by case on an *ad hoc* basis. *Mooney*, 54 F.3d at 1213.

In the first, or notice, stage of the analysis, the Court inquires as to whether notice should be given to potential class members. *Id.* at 1214. At the notice stage, a court ordinarily possesses minimal evidence and thus applies a lenient standard in determining whether to conditionally certify. *Id.* "[C]ourts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988), *aff'd*, 493 U.S. 165 (1989); *see McKnight v. D. Hous., Inc.*, 756 F.Supp.2d 794, 801 (S.D. Tex. 2010) ("A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice."). In making this determination, courts have considered such factors as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *Clark v. City of Fort Worth*, 800 F.Supp.2d 776, 779-80, (N.D. Tex. 2011) (McBryde, J.) (internal quotations omitted). This analysis typically results in conditional certification of a class and "putative class members are given notice and the opportunity to opt in."[2] *Mooney*, 54 F.3d at 1214. Plaintiff bears the burden of showing there are other employees similarly situated. *Songer v. Dillon, Res., Inc.*, 569 F.Supp.2d 703, 706 (N.D. Tex. 2008) (McBryde, J.). If the class is conditionally certified, the court may order production of potential class members' names and addresses. *Sperling*, 493 U.S. at 169.

---

[2] The purpose of conditional certification is to preserve the Court's power to revoke certification in those cases wherein the magnitude or complexity of the litigation may eventually reveal problems not theretofore apparent. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996).

At the second, or decertification, stage, the Court re-examines the class after notice, time for opting-in, and discovery have taken place. If it finds the class is no longer made up of similarly situated persons, it may decertify the class. At the decertification stage, when more evidence is available, courts typically consider three factors in determining whether potential plaintiffs are similarly situated: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Clary*, 2007 WL 4947690, at *3. However, where the parties have had the opportunity to conduct discovery on the issue of certification, the 'similarly situated' inquiry is more stringent. *Id.* Courts generally consider the evidence submitted and the two-step inquiry collapses into one. *Id.*

### III. Analysis

Plaintiffs ask the Court to conditionally certify two subclasses of Spaghetti Warehouse servers. (Doc. 35 at 8.) These two subclasses include servers who allegedly did not receive a wage differential when required under the FLSA, and other servers who were prevented from clocking in to work until tables were ready for them to serve. (*Id.*) As evidence that similarly situated employees exist, Plaintiffs rely upon their own sworn affidavits and the Complaint. (Docs. 35-1, 35-2, & 1, respectively.) In the Complaint, Plaintiffs provide some factual allegations about their own working conditions and payment. In their affidavits, Paula and Alejandrea Gonzalez have also identified "fellow Servers" who were present during an explanation of Spaghetti Warehouse's improper policy.[3] (Doc. 35-1 at 2-3.) Plaintiffs further claim that other Spaghetti Warehouse servers are similarly situated because "each and every

---

[3] The affidavits of Paula Gonzalez and Alejandra Gonzalez are identical in all respects.

'Server'" at all fourteen Spaghetti Warehouse locations faced "the very same and identical experiences and work-related and job duties and requirements... [sic]" (Doc. 35-1 at 3.)

More specifically, Paula Gonzales asserts in her affidavit that the General Manager and other managerial staff of the Spaghetti Warehouse "clearly and unequivocally explained" that the conduct of which she complains was "corporate policy" and that such policies and practices were "in practice and required by all those with the title of 'Server' in each and every one of the approximately fourteen (14) Spaghetti Warehouse locations" throughout the United States. (*Id.* at 2-3.) The affidavit of Alejandrea Gonzales contains an identical statement. (Doc. 35-2 at 2-3.)

The Court finds that Plaintiffs' supporting evidence and factual allegations are sufficient for a class to be conditionally certified. Plaintiffs have provided the Court with evidence that it was the corporate policy of Spaghetti Warehouse to require its Servers to perform duties which were not incidental to their employment as Servers while not yet clocked in for such work time. The affidavits outline that Spaghetti Warehouse Managers explained that such policy exists at all of Spaghetti Warehouse's U.S. locations. The Court therefore finds that adequate evidence exists supporting the similarity of the proposed class members' job functions, responsibilities, and compensation.

Plaintiffs also provide sufficient evidence to satisfy the Court that any of the other allegedly similarly situated Spaghetti Warehouse employees desire to opt in to the class. *See Songer*, 569 F.Supp.2d at 707 (holding that a court must satisfy itself that other similarly situated employees desire to opt in to the class before certifying a conditional class). Given the substantial allegations that the putative class members were together victims of a single policy,

the Court finds that Plaintiffs have met their burden and therefore conditional class certification is appropriate.

IV. **Conclusion**

Based on the parties' briefing, the evidence, and the applicable law, the Court finds that a conditional class should be certified in this case. For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Conditional Class Certification.

**IT IS SO ORDERED.**

Signed this 31st day of October, 2012.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE